UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RAYMOND McLAUGHLIN,<br>    Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>    Respondent. | CASE NO. 3:18-cv-1985 (JCH)<br><br><br><br><br>DECEMBER 11, 2018 |

**RULING ON PETITION FOR WRIT OF HABEAS CORPUS (Doc. No. 1)**

Petitioner, Raymond McLaughlin ("Brown"), commenced this habeas corpus action under section 2241 of title 28 of the United States Code challenging his arrest. For the reasons that follow, the Petition is dismissed.

**I. BACKGROUND**

McLaughlin was arrested on June 8, 2017. Pet., Doc. No. 1, ¶ 7. On July 23, 2018, he was convicted after a jury trial. United States v. McLaughlin, No. 3:17-cr-129 (MPS) (Jury Verdict, Doc. No. 179). Sentencing is scheduled for January 24, 2019. (Doc. No. 225).

**II. DISCUSSION**

Section 2241 affords relief only if the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A petition filed pursuant to section 2241 may be used to challenge the execution of a prison sentence. Thus, section 2241 petitions are appropriately used to challenge conditions of confinement or sentence calculations. See Poindexter v. Nash, 333 F.3d 372, 377 (2d Cir. 2003).

A motion filed pursuant to section 2255 of title 28 of the United States Code is the proper vehicle for a federal prisoner "claiming the right to be released upon the ground . . . that the court was without jurisdiction to impose [the] sentence." 28 U.S.C. § 2255(a). See Poindexter, 333 F.3d at 377-78 (noting general rule that federal prisoner must use section 2255 rather than section 2241 to challenge constitutionality of conviction or sentence). A habeas petitioner can seek relief under section 2241 only if the remedy provided by section 2255 is "inadequate or ineffective" to test the legality of his detention and the "failure to allow for collateral review would raise serious constitutional questions." Middleton v. Schult, 299 F. App'x 94, 95 (2d Cir. 2008) (quoting Triestman v. United States, 124 F.3d 361, 377 (2d Cir. 1997)) (internal quotation marks omitted).

District courts are authorized to dismiss habeas petitions where it is apparent from the face of the petition that the petitioner is not entitled to relief. See Lonchar v. Thomas, 517 U.S. 314, 320 (1996). After careful review, the court concludes that this petition must be dismissed for two reasons.

First, McLaughlin is challenging the constitutionality of his conviction and detention, not the execution of a sentence. Thus, his claim is cognizable under section 2255, not under section 2241. As McLaughlin has not yet appealed his conviction or filed a section 2255 motion, he cannot show that section 2255 is inadequate or ineffective to test the legality of his detention.

Second, a writ of habeas corpus under section 2241 should not be utilized in place of an appeal. United States v. Addonizio, 442 U.S. 178, 184 n.10 (1979) ("the writ of habeas corpus should not do service for an appeal") (quoting Adams v. United States

2

ex rel. McCann, 317 U.S. 269, 274 (1942)); Martin-Trigona v. Shiff, 702 F.2d 380, 388 (2d Cir. 1983) ("We recognize and adhere to the general rule that the writ of habeas corpus is not a substitute for a regular route of appeal."). As McLaughlin has not yet appealed his conviction, he should include his challenges to his arrest and conviction in the appeal. See Taillon v. Warden Moshannon Valley Correctional Center, 629 F. App'x 298, 299 (3d Cir. 2015) (affirming dismissal of 2241 petition challenging arrest warrant; "A § 2241 petition may not be used to litigate a claim . . . which could have been pursued on direct appeal."); Reese v. Warden Philadelphia FDC, 904 F.3d 244, 247 (3d Cir. 2018) (dismissing 2241 petition challenging arrest and detention pending trial; petitioner was required to assert challenges in criminal case not in 2241 petition).

## III. CONCLUSION

McLaughlin's Petition for Writ of Habeas Corpus (**Doc. No. 1**) is **DISMISSED**. Any appeal of this order would not be taken in good faith.

**SO ORDERED**.

Dated this 11th day of December 2018 at New Haven, Connecticut.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge